a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HUEY C VALLAIRE #507541, Plaintiff | CIVIL DOCKET NO. 1:22-CV-00814 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| JOHN DOE ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 6) filed by pro se Plaintiff Huey C. Vallaire ("Vallaire"). Vallaire is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, housed at the Rayburn Correctional Center in Angie, Louisiana. Vallaire alleges that he was denied constitutionally adequate medical care at Catahoula Correctional Center ("CCC") And at Madison Parish Correctional Center ("MPCC").

Because Vallaire has failed to amend his Complaint in accordance with the Court's Order, his Complaint should be DISMISSED WITHOUT PREJDUCIE.

## I. Background

Vallaire alleges that he was attacked by 20 inmates at CCC, resulting in injuries to his eye, ribs, and scalp. ECF No. 6 at 4. Vallaire alleges that a nurse put medical glue on his eye, but his other injuries remained untreated. *Id.* Four days later, he was transferred to MPCC. Despite his requests for medical care, he was placed in an isolation cell at MPCC without shoes or access to a shower for 50 days.

*Id.* Vallaire was eventually transferred to Elayn Hunt Correctional Center where he was diagnosed with fractured ribs.

Vallaire was ordered to amend his Complaint to provide names or descriptions of those who allegedly violated his constitutional rights and other information to support his claims. ECF No. 9.

## II. Law and Analysis

A district court may dismiss an action for the plaintiff's failure to prosecute or to comply with any order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss an action *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Vallaire was ordered to amend his Complaint by September 19, 2022. ECF No. 9. To date, Vallaire has failed to comply with the Court's Order, and has not requested an extension of time within which to do so.

## III. Conclusion

Because Vallaire has failed to comply with the Court's Order, IT IS RECOMMENDED that the Complaint (ECF No. 6) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, October 3, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE